IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

IN RE: TOMMY N. DOUGLAS            CASE NO.: 3:06-bk-12394 E
                                                                             CHAPTER 7

PAULA JEAN DOUGLAS                                           PLAINTIFF

VS.                        AP NO.: 3:06-ap-01313

TOMMY NORRIS DOUGLAS                                       DEFENDANT

## MEMORANDUM OPINION

On April 18, 2007, the Court heard the Plaintiff's *Complaint to Determine Dischargeability of Debt or Deny Discharge*. Garland L. Watlington appeared on behalf of the Plaintiff, Paula Jean Douglas. Mike DeLoache appeared on behalf of Debtor-Defendant Tommy Norris Douglas. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule of Procedure 7052.

## FACTS

The parties stipulated to the following facts:

(1) Debtor and Plaintiff divorced February 27, 2006, in Craighead County, Arkansas.

(2) Debtor filed his Chapter 7 petition on June 13, 2006, in the Eastern District of Arkansas.

(3) Debtor listed joint debts to Regions Bank for a 2003 Dodge Ram, two Bank of America credit cards, and a capital one credit card in his petition.

(4) In his petition, Debtor stated that he intended to reaffirm the Regions Bank debt but no reaffirmation agreements were ever executed.

(5) Debtor did not reaffirm the Regions Bank debt on the Dodge Ram because he was

EOD on 6/5/07 by dat

unable to work out the terms of a reaffirmation agreement with Regions Bank due to his having emotional problems which rendered him unable to work since September 2006.

(6) Debtor's health problems continued and he was adjudicated permanently disabled by the Social Security Administration. Debtor now receives $1,044.50 per month in social security disability income.

(7) Plaintiff was not listed as a creditor in the petition but was listed as a co-debtor instead.

(8) Debtor has an ongoing child support obligation to Plaintiff which is not an issue in this adversary proceeding.

(9) Plaintiff has been contacted by creditors with respect to the joint debts listed in the petition.

(10) Debtor was ordered by the state court to pay the full amount of these joint debts in Plaintiff and Debtor's divorce.

## ANALYSIS

Plaintiff seeks a judgment declaring the joint debts which Debtor was ordered to pay in their divorce proceeding nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Debtor argues that the joint debts between Plaintiff and Debtor are not "domestic support obligations" which are nondischargeable under 11 U.S.C. § 523(a)(5), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("**BAPCPA**") which applies to this case.[1] Counsel also argued

---

[1]Debtor cited dicta in *Deemer v. Deemer (In re Deemer)* for the proposition that the new definition of "domestic support obligation" in § 101(14A)(C) "'. . . is not so much an expansion of the actual exception from discharge as a complement to the changes made to the automatic stay that will more broadly permit continuations of domestic relations actions in nonbankruptcy courts." 360 B.R. 278 (Bankr. N.D. Iowa 2007) (quoting Hon. William Houston Brown &

2

that the debts are dischargeable under new § 523(a)(15).[2] While counsel noted the changes made to § 523(a)(15) by BAPCPA which removed the balancing language that allowed a debtor to discharge a non-support divorce debt if the debtor could demonstrate that the debtor did not have the ability to pay the debt or the benefit of discharge to the debtor is greater than the detriment to the former spouse, counsel argued that the language was stricken because it was no longer necessary for the court to make such determinations. Rather, counsel argued that divorce-related debts that do not qualify as nondischargeable domestic support obligations under § 523(a)(5) are dischargeable under § 523(a)(15), but that the State Court could still enforce such obligations under its contempt power.

Section 523(a)(15) provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;

---

Lawrence Ahern III, 2005 Bankruptcy Reform Legislation with Analysis, § 7.42 (2006)).

[2]Debtor's counsel also argued that Debtor is not trying to discharge these debts as to his former spouse, but only as to the creditors. It is only the obligation owed to the spouse or former spouse which falls within the scope of § 523(a)(15); however, in the case of an obligation to pay a debt owed to a third party, it is the obligation to hold the spouse or former spouse harmless that is presumptively nondischargeable under this section. *See* 140 Cong. Rec. H10752, H10770. "A property settlement incorporated by a divorce decree that apportions third party debt to one spouse means that the obligor-spouse indemnifies the obligee-spouse in the event that the obligee is required to pay." *In re Sturdivant*, 289 B.R. at 399 (*citing Johnston v. Henson (In re Henson)*, 197 B.R. 299, 303 (Bankr. E.D. Ark. 1996)). This is true even if there is no "hold harmless" language in the decree or complaint. *Johnston* at 303 (interpreting Arkansas law) (*citing Thomas v. Thomas*, 246 Ark. 1126, 443 S.W.2d 534 (Ark. 1969); *Gatlin v. Gatlin,* 306 Ark. 146, 811 S.W.2d 761 (Ark. 1991); *Merrill Lynch v. First National Bank of Little Rock,* 774 F.2d 909 (8th Cir. 1985)).

The plain language of the statute provides that all debts which do not qualify as domestic support obligations are also nondischargeable. In this case, it is stipulated that the joint debts of Plaintiff and Debtor were ordered to be paid by Debtor in a divorce decree, and accordingly, the debts are nondischargeable. Case law and commentary consistently support this interpretation. As former Judge Brown states in his Bankruptcy and Domestic Relations Manual:

> [F]ormer section 523(a)(15) is changed completely by deletion of its subpart (A) and (B), which had often been called the "affirmative defenses" to the section's nondischargeability. . . . . Thus, the reach of subsection (15) will be to all domestic obligations that are not support in nature and without benefit to the debtor of the former ability-to-pay or balancing tests. Essentially, the combination of section 523(a)(5) and 523(a)(15) excludes from discharge all marital and domestic relations obligations, whether support in nature, property division, or hold-harmless, . . .

Hon. William Houston Brown, *Bankruptcy and Domestic Relations Manual*, § 1:3 (2006). Judge Brown further states:

> With the stripping of the subpart (A) and (B) defenses from section 523(a)(15) and with its broad reach into all debts connected to a divorce or separation, the real impact of this amendment can only be evaluated in the light of other changes to the Bankruptcy Code by the 2005 Act. Section 523(a)(15) applies equally in bankruptcy cases filed under Chapters 7, 11 and 12. See section 523(a). Attempting reorganization under Chapters 11 or 12 may still be an option for a debtor owing these types of debts, but only if the reorganization plan contemplates paying these debts in full. The only chapter in which a debtor might obtain a discharge of section 523(a)(15) debts, or a portion thereof, is Chapter 13. Section 1328(a) still permits the discharge of 523(a) (15) debts for debtors that obtain confirmed plans and that complete those plan payments. Thus, a Chapter 13 debtor could propose a plan that pays less than 100% of these types of debts; whereas, section 523(a)(5) debts must be paid in full in the plan. The exceptions from Chapter 13 discharges were expanded by the 2005 Act, but section 523(a)(15) was not added to the list.

*Id.* at § 7:11. *See also Tracy v. Tracy (In re Tracy)*, 2007 WL 420252, *2-3 (Bankr. D. Idaho 2007) ("Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable. Thus, in individual cases under chapters 7 and 11 and

4

in cases under chapter 12, all of which base dischargeability on the subsections of section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt.") (Citing 4 Collier on Bankruptcy ¶ 523-118-523-119 (2006)); *Asberry v. Asberry (In Re Asberry)*, 2006 WL 2548184, *1 (Bankr. E.D. Va. 2006) ("For cases filed *after* BAPCPA, however, the affirmative defenses no longer apply-that is, such debts are nondischargeable regardless of the debtor's ability to pay or the benefit of discharge.") (Noting that such debts may be dischargeable in a chapter 13 case in which the debtor receives a discharge under § 1328(a)).

For the reasons stated herein, the joint debts which the state court ordered Debtor to pay in his divorce from Plaintiff, are nondischargeable in this Chapter 7 bankruptcy. A final judgment in accordance with this opinion will be entered this date.

**IT IS SO ORDERED.**

_____
HONORABLE AUDREY R. EVANS
UNITED STATES BANKRUPTCY JUDGE

DATE:   June 5, 2007

cc:   Attorney for Plaintiff
      Attorney for Defendant
      Debtor
      Trustee
      U.S. Trustee

5